LOUISA STEGEMAN, ADMX. V. WILLIAM HUMBERS.

1. APPLICATION OF THE DOCTRINE OF RESPONDEAT SUPERIOR.

In an action brought by an administratrix to recover damages for the death of her intestate, it was shown that the defendant and the deceased were both employed by the commissioners to rebuild the new court house in Cincinnati, which board, by the statute under which it was organized, was expressly exempted from liability in such cases. The defendant was the superintendent of all the men engaged in tearing down the walls of the old court house, and the deceased, acting under the immediate order of a foreman, went upon a wall in a dangerous condition, which fell on and killed him —the proof tending to show that the sending him there was a negligent act upon the part of the foreman, but showing that the defendant had no knowledge of or connection with it: *Held*, that the plaintiff, under such circumstances, had no right of action against the defendant for the negligence of the foreman; that both being servants of

the board of commissioners, the doctrine of *respondeat superior* does not apply. If the defendant himself had been negligent in the discharge of his duties, or had committed positive acts of misfeasance or trespass, by means of which the deceased came to his death, he would then be liable.

2. FAILURE TO TAKE A BILL OF EXCEPTIONS AT THE TRIAL TERM.

When on the trial of a case the court, at the close of the evidence offered by the plaintiff, withdraws it from the jury, and renders a judgment for the defendant, and no exception thereto is taken at the time, but within three days thereafter a motion for a new trial is filed, on the ground that the court erred in such action, which motion was continued until the next term, and then overruled, and an exception taken thereto, and a bill of exceptions signed, containing all of the evidence offered : *Held*, that a bill of exceptions not having been taken at the trial term, showing the evidence upon which the court acted, a reviewing court cannot properly consider the question whether the plaintiff at the trial had offered evidence tending to prove all the facts necessary to have been shown to entitle him to recover.

3. RIGHT OF REVIEWING COURT TO FXAMINE THE EVIDENCE AS TO WHETHER A NEW TRIAL SHOULD HAVE BEEN GRANTED.

Whether such reviewing court can properly examine the evidence in such case, to see if the motion for a new trial should have been granted, *Query*. But the court having done so in this case, finds that on the facts stated, substantial justice was done, and that plaintiff had no right to recover, and that the court acted properly in refusing to grant a new trial.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The errors assigned in this case are, first, that the court erred in arresting the evidence of plaintiff from the jury and rendering a judgment for the defendant, and second, in overruling the motion for a new trial.

The petitioner after setting out her appointment as administratrix of the estate of Frank Stegeman, her deceased husband, and that she is the mother of his five living minor children, alleges that he had come to his death by reason of the negligence of Humbers, in this manner. She says that on May 1, 1884, the defendant was in custody and control of the ruins of the court house, lately destroyed by fire, as contractor, employe, superintendent and director, with full power to direct and control men and implements in leveling and removing the walls, etc. That shortly before this he had held himself out to the public as a man of experience in such business, and hired laborers for such work, and among others the deceased, who reposed confidence in him as a man of experience in such business. That deceased was a servant in his employ. That while so employed on said 1st day of May, without fault or negligence on his part, he was killed by reason of the negligence of defendant, who negligently and wrongfully ordered him to go up a ladder leaning against a wall in a dangerous condition, and tear it down, and that while so engaged, the wall fell and he was killed. That defendant had no experience or knowledge of such business, and his action in ordering deceased to do as he did, was wrongful and negligent.

The answer denied all the allegations of the petition, except that the plaintiff was the administratrix of deceased's estate.

The case was tried to a jury December 23, 1885, and at the close of the evidence offered for the plaintiff, the defendant moved the court to arrest the evidence from the jury and render a judgment for the plaintiff, which was done.

To this ruling of the court no exception was taken, but on December 26, a motion for a new trial was filed, alleging as ground therefor, the action of the court above ment oned. This motion was not disposed of until the next (January) term, when it was overruled, and proper exception taken to that, and a bill of exceptions signed setting out all the evidence offered by plaintiff at the trial term.

On this state of facts we are of the opinion, that in accordance with well settled rules of practice, we cannot now consider the question as to whether the court erred in withdrawing the plaintiff's evidence from the jury. In the first place, an exception should have been taken to the action of the court at the

time; and even if that were not essential, it is clear that to review such action of the court it was absolutely necessary that the bill of exceptions should have been taken at the trial term. But a motion for a new trial having been filed at the trial term, and a bill of exceptions taken at the term at which the motion was overruled, it *may be* that the court can properly look at the evidence in the case, and determine, *not* whether there was evidence tending to prove all the facts necessary to have been shown by the plaintiff to entitle him to recover, but only whether, on this evidence, it is manifest that the judgment of the court was against the law and the evidence. We are not sure that such is the proper practice, as the only ground assigned for a new trial in the motion was, that the evidence was improperly withdrawn from the jury, and no exception was taken to this action, and the statute, sec. 5305, allows a new trial to be granted "for errors of law occurring at the trial, and *excepted* to by the party making the application."

But in analogy to the rule which allows a reviewing court to consider errors subsequently assigned, but not excepted to at the time, when all of the evidence is before the court, to see if substanial justice has been done, we have deemed it proper to examine this evidence for this purpose.

The claim of the plaintiff is, that at the time Stegeman met his death, he was the servant of Humbers, and that by the negligence of the latter, or another of his servants under whose orders he acted, he was killed.

The evidence offered by the plaintiff, established beyond controversy that Humbers was an employe of the commissioners to rebuild the court house. That he was employed by them to supervise the removal of the walls and rubbish, and that all the men at work under him at that business, including Stegeman himself, were hired and paid by said board of commissioners, and not by Humbers.

We think it clear, then, that Stegeman being the servant of the commissioners and not of Humbers, that the latter is not liable for the negligence of another servant of the commissioners, by which Stegeman was injured, though both such other servant and Stegeman himself, were working under the general direction of Humbers, and the other servant was the superior of Stegeman, who acting under his orders was killed by the negligence of such other servant— although Humbers had the superintendence of both, he was master of neither, in the sense which makes the doctrine of *respondeat superior* apply to the case.

See 6 D. & E., 411; also the cases cited by counsel for plaintiff in error, viz.: Murray v. Currie, Eng. L. R., 6 C. P., 24; Murphy v. Carroll, 3 H. & C., 462.

In this case the board of commissioners for rebuilding the court house were the master, and all of the others the servants; but such board by the statute under which it was constituted, is exempt from any such liability.

But if Humbers himself was negligent in the discharge of his duties, or committed a positive act of misfeasance or trespass, by means of which the deceased came to his death, he cannot shelter himself under the plea that the master is liable, and not himself. Thompson on Negligence, 1060–1062.

What are the facts as shown by the evidence on this point? The plaintiff proved by Woodington, that he was foreman under Humbers on this part of the work, and Sullivan foreman under him of the gang in which Stegeman was at work. That he saw the decased on a ladder in a dangerous position, and told him he ought not to stand there, and he replied that Sullivan, the boss, had told him to do it in that way, and remained there, and the wall was in a bad condition, and it was dangerous for him to remain.

Crampton saw Stegeman on the ladder. In his examination in chief, this witness said he saw Humbers at the ladder before the wall fell, and that he said to the men " go up and tear that wall down "—this was ten or fifteen minutes before Stegeman went up the ladder. But on cross-examination it appears from the bill that Humbers and Woodington were pointed out to the witness in the court room, and he then testified that he did not know which of the two it was

who was there at the time described, and who ordered the men to go up the wall and tear it down.

Sullivan testified that he was the foreman of the gang tearing down this wall, and that he directed Stegeman to go up the ladder, and Butler testified that any one could see that the wall was dangerous and could be pushed over with a stick or the hand.

This is substantially the evidence offered on the part of the plaintiff, and were it not for the single statement of Crampton that it was Humbers who ordered Stegeman to go up the ladder and tear the wall down, we see no evidence tending to show that Humbers had the slightest connection with the occurrence, that he was there at the time, or was guilty of any misfeasance or trespass upon the rights of Stegeman; or to show any right whatever on the part of the plaintiff to recover in the action. And even this statement is practically withdrawn by Crampton, who on seeing Humbers in court, says that he does not know it was he who gave the order. All the other evidence is to the effect that it was not Humbers who did it, and the strong probability is that he was not there at the time.

There is doubt, then, whether there was any evidence which rendered it proper that the case should go to the jury; but if there was, it is clear that the verdict should have been for the defendant, and that the judgment was according to substantial justice and should be allowed to stand.

Wm. Kirk and J. C. Robinson, Jr., for plaintiff in error.
Frank O. Suire, for defendant in error.